Gao v. Lynch

BIA
A070 699 977

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> GERARD E. LYHCH,
> *Circuit Judges.*

_____

BI YU GAO,
> *Petitioner,*

v.                                            14-3747
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York,
                       New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Assistant Director; Todd J.
                       Cochran, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bi Yu Gao, a native and citizen of the People's Republic of China, seeks review of a September 11, 2014, decision of the BIA denying her motion to reopen. *In re Bi Yu Gao,* No. A070 699 977 (B.I.A. Sept. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Gao's motion to reopen for abuse of discretion, *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and the BIA's factual findings regarding country conditions under the substantial evidence standard, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (per curiam). It is undisputed that Gao's motion to reopen was untimely filed and numerically barred because it was her third motion filed more than ten years after the agency's order of removal became final in 2003. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).

The BIA did not err in declining to equitably toll the period for Gao to file her motion based on her claim of ineffective assistance of counsel. In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate "due diligence" in pursuing her claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).

Gao failed to demonstrate due diligence. She did not claim to have taken any action to pursue reopening based on the alleged ineffective assistance of her former counsel in the more than eight years that passed between the BIA's denial of her first motion to reopen (for which she claimed counsel's performance was deficient) and her motion to reopen. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715-16 (2d Cir. 2007) (per curiam).

The BIA also reasonably found that Gao failed to demonstrate a material change in conditions in China as required to excuse the motion from the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R.

3

§ 1003.2(c)(3). The U.S. Department of State's International Religious Freedom Reports demonstrate that the Chinese government has continuously viewed unfavorably and punished unregistered Christian groups since before Gao's underlying hearing in 2002. Therefore, the record does not compel the conclusion that conditions in China have materially changed. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 171.

Accordingly, because neither equitable tolling nor the changed country conditions exception applied, the BIA did not abuse its discretion in denying Gao's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4